```
              UNITED STATES DISTRICT COURT
                       FOR THE
                 DISTRICT OF VERMONT
```

United States of America     :
                             :
     v.                      :     File No. 1:94-CR-87
                             :
Clifford Bartz               :

OPINION AND ORDER
(Paper 57)

Defendant Clifford Bartz, a federal prisoner proceeding *pro se*, has filed a motion for modification of his sentence based upon post-sentencing rehabilitation efforts.  Bartz brings his motion pursuant to 18 U.S.C. § 3582.  For the reasons set forth below, the motion is DENIED.

Factual Background

Bartz states that on November 8, 1995, he was sentenced in this Court to 20 years for robbery, possession of a firearm by a convicted felon, and witness tampering.  His scheduled release date is reportedly March 20, 2012.  Bartz is currently incarcerated in Pennsylvania.

Bartz claims that while in prison, he has tried to initiate programs of social value.  Among these programs was an initiative to address blood shortages in this country by having relatives, friends or other inmate "sponsors" donate blood in exchange for the sponsored inmate receiving "good

time" credit.  Due to certain "roadblocks," Bartz was unable to bring this project to fruition.

Bartz next tried to initiate a similar program involving organ donation.  Again, donations would be made in exchange for "good time" credit.  Bartz alleges that this program is still being reviewed, and that he has published articles on the topic in various journals.  He also claims that he is exploring a program that would allow inmates to assist in helping to combat forest fires.

## Discussion

Title 18 U.S.C. § 3582(c) provides that a court may not modify a term of imprisonment except in cases where (1) the Director of the Bureau of Prisons has moved for such a reduction, (2) a reduction is authorized by Rule 35, or (3) the prisoner's term of imprisonment was based on a sentencing range that has since been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*).  Bartz does not claim that any of these conditions applies or has been satisfied in his case.  Instead, he relies upon cases in which courts have considered downward departures based upon post-offense rehabilitation.  In each of those cases, however, the defendant was being sentenced or re-sentenced for a reason other than his alleged rehabilitation.  See, e.g., United States v. Core, 125 F.3d 74, 77 (2d Cir. 1997).

"[P]ost-sentencing rehabilitation, standing alone, is not a valid basis for reducing a defendant's sentence."  Lopez v. United States, 2000 WL 1229393, at *3 (S.D.N.Y. Aug. 29, 2000); see also Cruz v. United States, 2000 WL 1510079, at *10 (S.D.N.Y. Oct 10, 2000) ("Post-conviction rehabilitation does not provide an independent basis for relief . . . ."); Zeledon v. United States, 2001 WL 770985, at *3 (N.D. Tex. July 3, 2001); United States v. Dugan, 57 F. Supp. 2d 1207, 1209 (D. Kan. 1999).  Bartz is not currently before the Court for re-sentencing on other grounds.  Accordingly, while his work while in prison may be laudable, the Court has no authority to grant his motion.  See Dugan, 57 F. Supp. 2d at 1209.

Bartz also argues that the Supreme Court's decision in Booker v. United States, 125 S. Ct. 738 (2005) renders sentencing matters "purely discretionary," and that the Court is therefore empowered to review his sentence.  Booker does not stand for the proposition that a lawfully-entered sentence may be reviewed on grounds of post-sentencing rehabilitation.  Furthermore, the Second Circuit has determined that Booker may not be applied retroactively to sentences that were imposed prior to 2005.  Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005).

Bartz further requests that the restitution portion of his sentence be dismissed.  This Court has already considered

and denied Bartz's prior motion for deferral of restitution (Paper 41), and sees no valid grounds for revisiting the restitution issue at this time.  Finally, because Bartz's motion is without legal merit, his request for appointed counsel is DENIED.

## Conclusion

For the reasons set forth above, Bartz's "motion for modification of sentence, for downward departure for outstanding rehabilitation efforts pursuant to 18 U.S.C. § 3582" (Paper 57) is DENIED.

Dated at Brattleboro, in the District of Vermont, this 14th day of December, 2005.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge