```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                     DISTRICT OF VERMONT

United States of America      :
                              :
     v.                       :     File No. 1:94-CR-87
                              :
Clifford Bartz                :
```

OPINION AND ORDER
(Papers 59, 60, 61 and 62)

Currently pending before the Court are three motions filed by defendant Clifford Bartz, a federal inmate proceeding *pro se*. Bartz previously filed a motion for modification of his sentence based upon post-sentencing rehabilitation efforts (Paper 57). That motion was denied (Paper 58). Bartz has now filed a "motion of/for rebuttal,"[1] a "motion for supplemental filing of/for rebuttal," and a "motion to resort to extraordinary powers conferred by Title 28 U.S.C. § 1651, the 'All Writs Act.'" For the reasons set forth below, Bartz's motions are DENIED.

Factual Background

The facts of Bartz's alleged rehabilitation efforts were

---

[1] Bartz has requested leave to file his "motion for rebuttal" beyond the applicable time limit, citing difficulties in obtaining copies of cases that were cited by the Court in its previous Opinion and Order. This request is GRANTED, and the Court will allow the motion to proceed despite the fact that it was filed over two months after the Court issued its Opinion and Order.

1

set forth in the Court's previous Opinion and Order (Paper 58), and are largely repeated here.  Bartz claims that on November 8, 1995, this Court sentenced him to 20 years in prison for robbery, possession of a firearm by a convicted felon, and witness tampering.  His scheduled release date is reportedly March 20, 2012.  Bartz is currently incarcerated in Pennsylvania.

While in prison, Bartz has allegedly tried to initiate programs of social value.  Among these programs was an initiative to address blood shortages in this country by having relatives, friends or other inmate "sponsors" donate blood in exchange for the sponsored inmate receiving good time credit.  Due to certain "roadblocks," Bartz was unable to bring this project to fruition.

Bartz next tried to initiate a similar program involving organ donation.  Again, donations would be made in exchange for good time credit.  Bartz alleges that this program is still being reviewed, and that he has published articles on the topic in various journals.  He also claims that he is exploring a program that would allow inmates to assist in helping to combat forest fires.

In his initial motion for modification, Bartz claimed that he was entitled to a review of his sentence under, *inter alia*, 18 U.S.C. § 3582.  The Court denied the motion for the

reasons set forth in its previous Opinion and Order.  Bartz now brings two motions for "rebuttal," which the Court construes as requests for reconsideration, and a motion for relief under 28 U.S.C. § 1651.

## Discussion

In its previous Opinion and Order, the Court ruled that Bartz's motion was barred, in part, because it was based upon post-sentencing rehabilitation, and that such rehabilitation does not provide an independent ground for reviewing a sentence.  Bartz now informs the Court that although he did not raise his rehabilitation efforts at the sentencing hearing, he had begun his work prior to sentencing.  He therefore requests that he be allowed "to present these matters to the court as pre-sentence rehabilitation efforts . . . ."  (Paper 59 at 3).  Bartz also states that his rehabilitation was only in the early stages at the time of his sentencing, and that the Court should now review his work "at a more mature stage, but still not final."  Id.

Although Bartz does not present the jurisdictional basis for his current motion, the Court construes his rebuttal motions (Papers 59 and 60) as motions for reconsideration filed pursuant to Local Rule 7.2(b).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to

controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted); see also Hammer v. First Unum Life Ins. Co., 2005 WL 525445, at *2 (S.D.N.Y. Mar. 7, 2005) (reconsideration appropriate only where "the Court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal decisions"). "Motions for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

In his initial motion, Bartz claimed that he had been working on his rehabilitation since the time of his arrest. (Paper 57 at 2). Therefore, the fact that his rehabilitation efforts commenced prior to his conviction and sentence is not new to the Court. Nonetheless, it is not a fact that was overlooked. As the Court explained in its prior Opinion and Order, post-offense rehabilitation has only been considered when a defendant is being re-sentenced for a reason that is independent of the rehabilitation. (Paper 58 at 2, citing United States v. Core, 125 F.3d 74, 77 (2d Cir. 1997)). Bartz concedes that his pre-sentencing rehabilitation efforts were not presented to the Court at the sentencing hearing.

Therefore, his sentence was final, there can be no assertion of error by the Court, and in order for his rehabilitative efforts to be considered, the Court must have some other reason to undertake re-sentencing.  Cf.  Lopez v. United States, 2000 WL 1229393, at *3 (S.D.N.Y. Aug. 29, 2000).  Because Bartz has not cited any law or facts that were not initially considered by the Court, his motions for reconsideration are DENIED.

Even if the Court were to consider the substance of Bartz's motions, his claims continue to lack legal merit.  The general rule set forth at 18 U.S.C. § 3582 is that a "court may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582.  While § 3582 contains exceptions to this rule, Bartz makes no claim that any of those exceptions applies to his case.  Bartz also claims that his motions should be considered under Fed. R. Crim. P. 35(b), "a plea for leniency."  (Paper 59 at 5, footnote).  Rule 35(b) provides for the possibility of a sentence reduction when the defendant has provided "substantial assistance" to a government investigation or prosecution.  Bartz does not allege that he has provided any such assistance to the government.  Rule 35(b) is, therefore, not applicable.

Bartz insists that his motions are not collateral attacks filed pursuant 28 U.S.C. § 2255.  Although he claims that his

attorney failed to raise the rehabilitation issue at sentencing, he attests that he is not bringing a claim for ineffective assistance of counsel.[2]  Indeed, Bartz admits that because his work at the time of sentencing was in a "primitive stage . . . relief in the form of a downward departure would have been truly a real 'long-shot.'" (Paper 59 at 4).  Without a viable claim under § 3582, Rule 25, or § 2255, the Court has not been presented with any legal basis for modifying Bartz's sentence, and his motions for reconsideration are DENIED.

In his most recent motion, Bartz asks the Court to review his sentence under 28 U.S.C. § 1651, the All Writs Act (Paper 61).  The All Writs Act "does not confer an independent basis of jurisdiction; it merely provides a tool courts need in cases over which jurisdiction is conferred by some other source." United States v. Tablie, 166 F.3d 505, 506-07 (2d Cir. 1999).  Given that Bartz has not identified a statute or rule that applies to his request for a sentence modification, it is not clear that the Court has jurisdiction to employ the All Writs Act.

In any event, the writs that are most commonly used under § 1651 in criminal cases – writs of error coram nobis and audita querela – cannot be utilized here.  "Coram nobis is

---

[2] The Court expresses no opinion as to whether a § 2255 claim would have either procedural or substantive merit.

available to redress an adverse consequence resulting from an illegally imposed criminal conviction or sentence." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (citing United States v. Morgan, 346 U.S. 502, 512-13 (1954)).  Bartz does not argue that his sentence was illegally imposed. "Audita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy."  Id. (citing United States v. Holder, 936 F.2d 1, 5 (1st Cir. 1991)).  "'Equities or gross injustice, in themselves, will not satisfy the legal objection requirement and will not provide a basis for relief.'" Tablie, 166 F.3d at 507 (quoting Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997)).  Bartz's request for a modification of his sentence is based "solely on equitable arguments requesting an exercise of the Court's discretion to depart downward."  Vasquez v. United States, 1999 WL 549004, at *3 (S.D.N.Y. July 28, 1999) (denying motion for downward departure based upon post-sentence rehabilitation).  Because his claims are purely equitable, he cannot obtain relief pursuant to either a writ of coram nobis or a writ of audita querela.  His motion for relief under 28 U.S.C. § 1651 is, therefore, DENIED.

<u>Conclusion</u>

For the reasons set forth above, Bartz's motion for rebuttal (Paper 59), motion for leave to file supplemental rebuttal (Paper 60), and motion under the All Writs Act, 28 U.S.C. § 1651 (Paper 61), are DENIED.  Bartz's request for hearing (Paper 61) and request to expedite the proceedings (Paper 62) are DENIED as moot.

Dated at Brattleboro, in the District of Vermont, this 10th day of July, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge