```
               UNITED STATES DISTRICT COURT
                       FOR THE
                  DISTRICT OF VERMONT
```

```
United States of America      :
                              :
     v.                       :     File No. 1:94-CR-87
                              :
Clifford Bartz                :
```

OPINION AND ORDER
(Papers 70, 71, 72 and 74)

Clifford Bartz, a federal inmate proceeding *pro se*, moves the Court pursuant to Federal Rule of Civil Procedure 60(b) "to set aside or vacate" his 1995 criminal judgment. In substance, Bartz claims that the Court lacked jurisdiction over him, and that his attorney was ineffective.

Civil Rule 60(b) cannot provide Bartz with the relief he is seeking. According to Rule 1, the Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a *civil* nature." Fed. R. Civ. P. 1 (emphasis added). "To the extent that the judgment from which a petitioner seeks relief is the prison sentence imposed following his conviction in a criminal case, Rule 60(b) does not apply." Holloway v. United States, 2006 WL 516826, at *1 (E.D.N.Y. Feb. 28, 2006); see also Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) (relief under Rule 60(b) is not available when motion attacks underlying criminal conviction). In addition, the Court will not construe Bartz's motion as a

petition for a writ of habeas corpus, as such a petition would be barred as untimely.  See 28 U.S.C. § 2255.[1]

Bartz's motion for relief from judgment (Paper 70) is, therefore, DENIED.  His motion for leave to request post-judgment discovery (Paper 71), motion to request service by the Clerk's office (Paper 72), and motion for addendum to his Rule 60(b) motion (Paper 74) are DENIED as moot.

Dated at Brattleboro, in the District of Vermont, this 15th day of June, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge

---

[1] Bartz's motion offers no indication that any of the exceptions to § 2255's one-year statute of limitations would apply in this case.