UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Clifford Earl Bartz,
    Petitioner,

v.                        Criminal No. 1:94-CR-87

United States of America,
    Respondent.

OPINION AND ORDER
(Doc. 82)

Petitioner Clifford Bartz, a federal inmate proceeding *pro se*, has filed a "Writ of Hardship" in which he asks the Court to revisit the restitution portion of his sentence. Bartz argues that restitution should not have been ordered, since it was clear at the time of his sentencing in 1995 that he could not afford any restitution. He further claims that pursuant to 18 U.S.C. § 3662, restitution is inappropriate because his victims, each of whom are corporations, have written off the losses incurred as a result of his crimes. Finally, Bartz asks the Court to sever his restitution obligation from that of his co-defendants.

The government opposes Bartz's filing, asserting that the Court has no legal basis or jurisdiction to hear his petition. The Court agrees, and for reasons more fully set forth below, the petition is DENIED.

Factual Background

Bartz is serving a 240-month sentence for a range of offenses including robbery, firearms possession, and intimidation

of a witness. See Bartz v. Van De Graaf, 2008 WL 2704882, at *1 (D. Vt. July 8, 2008). At sentencing, the Court ordered payment of restitution to his victims in the amount of nearly $150,000. (Doc. 35). Bartz did not appeal either his conviction or his sentence.

The government reports that since his sentencing, Bartz has filed a series of petitions in this Court and the Northern District of New York seeking revision of the restitution portion of his sentence. With respect to proceedings in this Court, on February 5, 1998 the Court denied a motion for deferral of restitution. On December 14, 2005, the Court denied another motion for deferral of restitution, finding "no valid grounds for revisiting the restitution issue at this time." (Doc. 58 at 4). On June 10, 2006, the Court denied Bartz's request for reconsideration, finding that it had no jurisdiction to review the request. (Doc. 63 at 6-7). Finally, on June 15, 2007, the Court denied his motion to set aside the judgment, in which he argued that the Court had no jurisdiction to convict and sentence him. (Doc. 77).

Bartz's latest effort, entitled "Writ of Hardship," again asks the Court to revisit and remove the restitution portion of his sentence. The government has opposed the filing, arguing that the Court lacks jurisdiction to review its merits.

## Discussion

In the course of determining whether it has jurisdiction, the Court must decide how to construe Bartz's filing. Bartz states that his filing "is NOT a motion of a 28 U.S.C. § 2255, nor should it be construed as one." (Doc. 82 at 2). Indeed, a habeas corpus petition would be out of time which arises from a 1995 sentencing when there was no appeal and the movant is not claiming newly discovered evidence. Furthermore, the Second Circuit has held that in most circumstances, § 2255 cannot be used to bring a collateral challenge to an order of restitution. See Kaminski v. United States, 339 F.3d 84, 87 (2d Cir. 2003).

Bartz cites two statutes in his filing, one being 18 U.S.C. § 3662. The applicability of this statute, which pertains to conviction records, is unclear. Furthermore, Bartz cites the statute for the proposition that his victims were corporations, they have written off their losses, and his restitution payments therefore have nowhere to go. (Doc. 82 at 5) ("now comes the question, – after ten (10) years of Petitioner paying into this restitution figure, where do[] these funds go?"). Bartz offers no support, however, for his claim that write-offs require an adjustment to a restitution award. See, e.g., United States v. Atkinson, 788 F.2d 900, 904 (2d Cir. 1986).

The other statute cited by Bartz is 18 U.S.C. § 3742. Section 3742 allows a defendant to seek review of a final

3

sentence by notice of appeal, but the notice must be filed within 10 days of the final judgment. See United States v. Entes, 2008 WL 2096971, at *2 (E.D.N.Y. May 16, 2008) ("Section 3742 also would be unavailing to the Defendant, given that such a challenge must be made within 10 days of sentencing. Indeed, no appeal was ever filed by the Defendant pursuant to § 3742."); United States v. Frederick, 2006 WL 2527827, at *3 (E.D.N.Y. Aug. 14, 2006). Accordingly, the deadline for Bartz to submit a filing under 18 U.S.C. § 3742 passed many years ago.

The government concedes that, "under severely limited circumstances, the All Writs Act, 28 U.S.C. § 1651(a) and the writ of *coram nobis* may permit a defendant to challenge the restitution portion of his sentence." (Doc. 83 at 5) (citing Kaminski, 339 F.3d at 89-90).[1] However, as this Court stated with respect to one of Bartz's prior motions,

> [t]he All Writs Act "does not confer an independent basis of jurisdiction; it merely provides a tool courts need in cases over which jurisdiction is conferred by some other source." United States v. Tablie, 166 F.3d 505, 506-07 (2d Cir. 1999). Given that Bartz has not identified a statute or rule that applies to his request for a sentence modification, it is not clear that the Court has jurisdiction to employ the All Writs Act.

---

[1] The cited portion of Kaminski was authored by Judge Calebresi, was not a part of the main holding, and was not joined by the other judges on the panel. 339 F.3d at 90 ("Because the discussion in this Section, V., is not strictly necessary to resolve the case before us, the other members of the panel do not join this discussion and express neither agreement nor disagreement with it.").

4

(Doc. 63 at 6).

A writ of *coram nobis* "is available to redress an adverse consequence resulting from an illegally imposed criminal conviction or sentence." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (citing United States v. Morgan, 346 U.S. 502, 512-13 (1954)). The writ "operates under rules that are more stringent than those applicable to habeas," Kaminski, 339 F.3d at 90, and generally require the movant to show (1) "errors of the most fundamental character that rendered the proceeding itself irregular and invalid," and (2) that "sound reasons exist[] for failure to seek appropriate earlier relief." Foont v. United States, 93 F.3d 76, 78-79 (2d Cir. 1996).

Bartz's filing does not meet these requirements. His filing asserts that at the time of sentencing, "this Court, defense counsel, and the U.S. Probation Dept. FAILED to consider Petitioner's ability to pay the restitution so ORDERED." (Doc. 82 at 4). Bartz does not contend that the proceeding itself was invalid due to "errors of the most fundamental character." Id. Nor does he explain why he did not challenge the restitution either on direct appeal or in a timely post-judgment motion. The Court therefore finds that Bartz has not met his burden for relief under a writ of *coram nobis*.[2]

---

[2] In a rebuttal memorandum, Bartz contends he has "Secured Party / Creditor's status," and that the Court should recognize his ability as a "Third Party Intervenor under HJR - 192 to

5

## Conclusion

For the reasons set forth above, Bartz's "Writ of Hardship" (Doc. 82) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 26th day of March, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge

---

'zero' out any balance before this Court." (Doc. 84 at 3). Bartz makes similar claims in subsequent filings (Docs. 86, 88, 89 and 90). The Court has considered these claims and finds them to be without merit.