```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT


United States of America    :
                            :
     v.                     :     Criminal No. 1:94-cr-87
                            :
Clifford Earl Bartz         :
```

OPINION AND ORDER
(Docs. 92, 98)

Defendant Clifford Bartz, a federal inmate proceeding *pro se*, has filed a motion pursuant to 18 U.S.C. § 3583, or in the alternative, Fed. R. Crim. P. 36, asking the Court to revisit the restitution portion of his sentence.  Bartz argues that (1) the Court failed to consider his ability to pay restitution, (2) he should not have to pay full restitution to his victim's insurer, plus additional restitution to the victim itself, and (3) one of his co-defendants should be required to pay additional restitution.

The government opposes Bartz's filing, asserting that the Rule 36 argument, in addition to having been litigated in a previous motion, "misses the mark," and that Bartz has failed to meet the standard for modification of his restitution under 18 U.S.C. § 3583(e).

Factual Background

Bartz is serving a 240-month sentence for a range of offenses including robbery, firearms possession, and intimidation

of a witness.  At his 1995 sentencing, the Court ordered Bartz to pay restitution in the amount of nearly $150,000.  (Doc. 35.)  Bartz did not appeal either his conviction or his sentence.

The restitution issue has been raised several times since sentencing.  On February 5, 1998 the Court denied Bartz's motion for deferral of restitution.  On December 14, 2005, the Court denied another motion for deferral of restitution, finding "no valid grounds for revisiting the restitution issue at this time." (Doc. 58 at 4.)  On June 10, 2006, the Court denied Bartz's request for reconsideration, finding it had no jurisdiction to review the request.  (Doc. 63 at 6-7.)  Most recently, on March 26, 2010, the Court denied Bartz's "Writ of Hardship," in which he asked the Court to revisit and remove the restitution portion of his sentence.  (Doc. 91.)  This latest motion argues the Court should have known at sentencing that he could not afford restitution; restitution was inappropriate because his victims, each of whom are corporations, have written off the losses incurred in each of his crimes; and the Court should sever his restitution obligation from that of his co-defendants.  (Id. at 1.)  Bartz asks the Court to again review his restitution.

## Discussion

The Court must first decide how to construe Bartz's current motion.  Bartz states that his filing "is NOT a motion of a [sic] 28 U.S.C. § 2255, nor should it be construed as one."  (Doc. 92

2

at 3.)  Indeed, a habeas corpus petition arising out of a 1995 sentencing would be out of time when there was no appeal.  The movant is not claiming newly discovered evidence.  See 28 U.S.C. § 2255(f).  Furthermore, the Second Circuit has held that in most circumstances, § 2255 cannot be used to bring a collateral challenge to an order of restitution.  See Kaminski v. United States, 339 F.3d 84, 87 (2d Cir. 2003).

Bartz instead cites 18 U.S.C. § 3583(e) as the primary basis for his motion.  Under § 3583(e)(2), the Court may modify conditions of supervised release after considering various other statutory factors.  Briefly stated, § 3583(e) "requires the court to consider the general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to 'modify, reduce, or enlarge' the term or conditions of supervised release."  United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997).

Section 3583(e)(2) applies only to "conditions of supervised release," and not to other portions of a defendant's sentence.  See United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011).  "Special assessments, fines, and restitution orders imposed at sentencing, though referenced among the many conditions of probation, are nevertheless fully independent criminal penalties."  States v. Ionia Mgmt., S.A., 537 F. Supp. 2d 321, 322 (D. Conn. 2008); see also United States v. Webb, 30

F.3d 687, 691 (6th Cir. 1994).  Accordingly, restitution may not be modified simply because it "may later be implicated as a condition of supervised release."  <u>Akinrosotu</u>, 637 F.3d at 168.  Moreover, assuming for the sake of argument that this Court "has any authority at all to modify [Bartz's restitution] pursuant to § 3583(e)(2)," it could only do so at the commencement of his supervised release.  <u>Id.</u>

In the alternative, Bartz asks the Court to consider his filing a motion under Fed. R. Crim. P. 36.  Rule 36 states that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  It does not authorize the modification of a sentence.  <u>See</u> <u>United States v. Tramp</u>, 30 F.3d 1035, 1037 (8th Cir. 1994) ("Rule 36 does not authorize a district court to modify a sentence at any time.").

Bartz is asking the Court to modify his restitution in several respects, including changing the amount of restitution owed to one of his victims, and ordering additional restitution by a co-defendant.  The remedies he seeks are substantive and cannot be addressed under Rule 36.  <u>See</u>, e.g., <u>United States v. Portillo</u>, 363 F.3d 1161, 1164 (11th Cir. 2004) (Rule 36 may not be used to make a substantive alteration to a criminal sentence.).  The motion therefore is DENIED.

<u>Conclusion</u>

For the reasons set forth above, Bartz's motion to modify and correct his restitution amount, under either 18 U.S.C. § 3583(e) or Rule 36 of the Federal Rules of Criminal Procedure, is DENIED.  His request for a hearing with legal counsel (Doc. 98) is DENIED as moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 25th day of July, 2011.

/s/ J. Garvan Murtha
Hon. J. Garvan Murtha
United States District Judge
